Matter of Bridge & Tunnel Officers Benevolent Assn., Inc. v Triborough Bridge & Tunnel Auth.

2026 NY Slip Op 02444

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Bridge and Tunnel Officers Benevolent Association, Inc., Petitioner-Appellant,

v

Triborough Bridge and Tunnel Authority, Respondent-Respondent.

Decided and Entered: April 23, 2026

Index No. 652428/24|Appeal No. 6444|Case No. 2025-00206|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Pitta LLP, New York (Stephen McQuade of counsel), for appellant.

Proskauer Rose LLP, New York (Rosanne Facchini of counsel), for respondent.

[*1]

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered December 11, 2024, which, to the extent appealed from, denied in part the petition to confirm the 2023 arbitration award, and modified the December 11, 2023 supplemental interim opinion and arbitration award to strike the cease-and-desist order, unanimously reversed, on the law, without costs, the modification vacated, the petition to confirm granted in its entirety, and the award confirmed. The Clerk is directed to enter judgment accordingly.

The court should have confirmed the entirety of the arbitration award. CPLR 7510-a(a) concerns public sector employee arbitrations and requires that "[t]he court shall confirm an award in a public sector arbitration proceeding upon application of a party made within one year after its delivery to the party, unless an application to vacate or modify the award . . . is made within ninety days after the delivery of the award to the party seeking to modify or vacate" (CPLR 7510-a[a]). Because respondent did not seek to vacate or modify the award within the statutorily prescribed 90 days, the award should have been confirmed (see id.). Petitioner preserved this claim by explicitly addressing the 90-day limitations period in the petition.

The fact that petitioner is not itself an employee of respondent, but rather a representative of respondent's public sector employees, does not change the application of CPLR 7510-a. The legislative history for CPLR 7510-a(a) does not set forth any rationale for excluding unions from the definition of employees is set forth in the legislative history (Assembly Mem in Support, Bill Jacket, L 2023, ch 679).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026